2001 SD 4

**Dale KOHL, Plaintiff and Appellee,**

v.

**Barbara AMUNDSON, Defendant and Appellant.**

**No. 21496.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 2000.

Decided Jan. 3, 2001.

Cynthia J. Ahrendt, Sioux Falls, SD, Attorneys for plaintiff and appellee.

Monica L. Lawrence, East River Legal Services, Sioux Falls, SD, Attorneys for defendant and appellant.

SABERS, Justice

[¶ 1.] Child support payments of $4,362.60 were deducted from Dale Kohl's wages. DNA and blood tests confirmed that Kohl was not the father of Barbara Amundson's child. The trial court awarded Kohl $4,432.60 from Amundson for recovery of the support payments. Amundson appeals. We affirm.

**FACTS**

[¶ 2.] The facts are uncontested. Amundson visited the Office of Child Support Enforcement (OCSE) to obtain child support for J.A., her minor child. She submitted the names of two men to the OCSE as possible fathers of J.A. The OCSE commenced a support action against Kohl.

[¶ 3.] For reasons unclear in the record, Kohl failed to respond to the Summons and Complaint for paternity. A de-

fault judgment was entered against him on November 5, 1997. As a result of the default judgment, Kohl was ordered to pay $368.00 per month for support of the minor child. A total of $4,362.60 in support payments was eventually taken from Kohl's wages.

[¶ 4.] On July 14, 1998, Kohl made a motion for determination of paternity. As a result, DNA blood tests were taken which established that he was not the father of J.A. The judgment of paternity was vacated November 12, 1998.

[¶ 5.] Kohl initiated this action to recover the monies that were withheld from his wages for the support of the child. As indicated, the money judgment against Amundson was for the amount of money paid by Kohl under the child support judgment.[1] Amundson appeals.

## STANDARD OF REVIEW

[¶ 6.] The question is whether the circuit court applied the correct law to these facts. Questions of law are reviewed de novo. *Phipps Bros. Inc. v. Nelson's Oil & Gas, Inc.*, 508 N.W.2d 885, 888 (S.D. 1993). We give no deference to the circuit court under this standard of review. *In re Sales & Use Tax Refund Request of Media One, Inc.*, 1997 SD 17, ¶ 11, 559 N.W.2d 875, 878 (citation omitted).

[¶ 7.] **WHETHER THE DECISION COUNTERS SDCL 25–7–6.1 AND 25–7–10 BECAUSE KOHL FAILED TO PROVE THAT AMUNDSON DID NOT PROVIDE THE NECESSITIES OF LIFE FOR HER CHILD.**

[¶ 8.] Amundson asserts that SDCL 25–7–6.1, which provides that both parents are jointly responsible for the support of a child, compels a contrary result. She also argues that this action is inappropriate because there is a presumption she

spent the child support for the benefit of her child. *See* SDCL 25–7–6.2. Instead, she claims that Kohl's cause of action should be solely against the biological father. Her assertion is based on SDCL 25–7–10, which provides a cause of action against a parent to a third party for necessities.[2] These arguments are without merit.

[¶ 9.] Amundson fails to appreciate the consequences of her own position. She is the mother of the minor child. As such, SDCL 25–7–6.1 and SDCL 25–7–10 entitle Kohl to recover these support payments from her, the parent of the child. Kohl is entitled to recover the support he provided from both her and the biological father. *See* SDCL 25–7–6.1 and SDCL 25–7–10.

[¶ 10.] In addition to these statutory provisions, Kohl is entitled to recover under the principles of equity. "It is a general principle of equity that one party shall not be enriched at the expense of another party." *A.G. Edwards and Sons v. Northwest Realty Co.*, 340 N.W.2d 187, 189 (S.D.1983). While Amundson may have a remedy against the father of the child, she submits no authority that requires Kohl to support her child. Contrary to Amundson's position, the fact that a default judgment was entered, but subsequently vacated, does not foreclose Kohl from obtaining a money judgment for the amount withheld from his wages.

[¶ 11.] We affirm.

[¶ 12.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

---

1. Amundson stresses that there are no findings that the support payments were used for anything other than the support of the minor child.

2. The record indicates that the biological father has not been determined.